# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| Jeffrey MISHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:11-cv-00194 |
| | ) | Judge Nixon |
| NBCUniversal, LLC, TG FABALICIOUS | ) | Magistrate Judge Brown |
| Limited Liability Company, and TERESA | ) | |
| GIUDICE LLC, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Jeffrey Mishler, by his attorneys, for his Complaint against the above-named defendants, alleges as follows:

### Parties

1.     Jeffrey Mishler ("Mishler") is an individual residing in this judicial district in the state of Tennessee.

2.     NBCUniversal, LLC ("NBC") is a media and entertainment company engaged in the production and marketing of entertainment, news, and information products and services to a worldwide customer base.  NBC is a Delaware Limited Liability Company with a principal place of business at 30 Rockefeller Plaza, New York, New York 10112 and may be served with process care of CT Corporation System, 111 Eighth Ave, New York, New York 10011.

3.     Defendants TG Fabalicious Limited Liability Company and Teresa Giudice LLC (collectively the "Giudice LLCs") are New Jersey Limited Liability Companies and can be served with process care of Teresa Giudice ("Giudice"), 6 Indian Lane, Towaco, NJ 07082.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, as this case arises under the Lanham Act.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(c).

6.     Personal jurisdiction in this district is proper inasmuch as the defendants have solicited and conducted business within the state of Tennessee via television and/or their online advertising, marketing, and interactive sales systems, thereby purposely availing themselves of the privilege of acting in the state of Tennessee.  Likewise, personal jurisdiction is proper under Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-225, because the defendants regularly conduct or solicit business via television and/or their interactive online sales systems in the state of Tennessee.

7.     The defendants have purposefully directed their activities toward Tennessee and this judicial district, and those activities form the bases of the causes of action detailed herein.

8.     The defendants conduct predictable, yearly business in Tennessee and this district which represents a continuing relationship with the state and judicial district overall.

9.     The defendants stand ready to do business with customers in Tennessee and this judicial district.

10.     The defendants' activities as described herein have caused economic harm to Mishler in this judicial district.

## Factual Allegations

### Mishler's comedy and use of HAPPY WIFE, HAPPY LIFE

11.     Jeffrey Alan Mishler is a professional comedian performing under the name "Jeff Allen."  Mishler is one of the top comics specializing in Christian, family-friendly comedy

2

working today.  He performs around the country to diverse secular and Christian audiences alike and is often called "America's #1 Family Comic."

12.    Mishler's comedy act has been featured on Comedy Central, VH-1, Showtime, TBN, CBN, Family Net and numerous other networks.  He has performed for the troops on aircraft carriers and ships in the Indian Ocean.  He has twice been featured at the National Prayer Breakfast in Washington, D.C.

13.    Mishler prides himself on using the same clean, obscenity-free routine in front of both Christian and secular audiences.

14.    Mishler's comedy routine involves observations about married life and parenting. He has used his signature phrase "Happy Wife, Happy Life," throughout his comedy routines since at least as early as 1999.

15.    Mishler sells DVDs of his comedy routine called "Happy Wife, Happy Life" and "Happy Wife, Happy Life, Revisited" and sells t-shirts and other merchandise bearing the phrase "Happy Wife, Happy Life."

16.    Mishler filed a United States trademark application for HAPPY WIFE, HAPPY LIFE (the "Mark") on December 17, 1998.

17.    Mishler received a trademark registration the Mark having Registration No. 2,832,205 on December 7, 2004.  Mishler's trademark registration covers, *inter alia*, "t-shirts" in Class 25.

18.    Mishler's certificate of registration is prima facie evidence of the validity of the registration, his ownership of the Mark, and his exclusive right to use the Mark in commerce in connection with the goods and services specified in the certificate of registration under the provisions of 15 U.S.C. § 1057(b) and provides constructive notice of Mishler's claim of

3

ownership under 15 U.S.C. § 1072. The registration is also incontestable, which provides conclusive evidence of the validity of the registration, Mishler's ownership of the Mark, and Mishler's exclusive right to use the Mark in commerce in connection with the goods and services specified in the certificate of registration under 15 U.S.C § 1115(b).

19.     Due to his widespread and continuous use of the Mark, the public has come to associate the Mark with Mishler, his comedy routines, and the products sold by him.

## Conduct of the defendants

20.     Defendant NBC owns and operates a cable network called "BravoTV."

21.     As part of its original programming, BravoTV airs several reality shows based around "The Real Housewives of [a geographic location]," including "The Real Housewives of New Jersey."

22.     One of the "housewives" featured on "The Real Housewives of New Jersey" is Giudice.

23.     In connection with her participation in "The Real Housewives of New Jersey," Giudice uses "Happy Wife, Happy Life" repeatedly in an attempt to associate herself with that phrase.

24.     "The Real Housewives of New Jersey" has been advertised in and broadcast into this judicial district.

25.     Giudice uses the phrase "Happy Wife, Happy Life" both on television and the internet.

26.     NBC materially assists Giudice in her use of "Happy Wife, Happy Life" in connection with Giudice's self-promotion and the sale of goods on television and through

4

interactive websites on the internet by featuring her on the program "The Real Housewives of New Jersey" and promoting her on their website <bravotv.com>.

27.     NBC sells or has sold t-shirts and coffee mugs bearing "Happy Wife, Happy Life" from <shopbybravo.com> in connection with the "Real Housewives" program.

28.     Merchandise sold by NBC bearing "Happy Wife, Happy Life" is or has been available for purchase in this judicial district via the internet.

29.     NBC claims ownership or license to use the mark HAPPY WIFE, HAPPY LIFE. The "Terms of Use" for <shopbybravo.com> provide, "Unless otherwise expressly noted, you should assume everything you see, hear, or otherwise receive from or on the Site (the Contents) is copyright, trademark, trade dress or other intellectual property owned or licensed by *Bravo Shop*."

30.     In addition to the merchandise for sale on <shopbybravo.com>, Giudice, through the Giudice LLCs, sells or has sold t-shirts and hats bearing "Happy Wife, Happy Life" on <www.tgfabulicious.com>.

31.     On information and belief, merchandise bearing "Happy Wife, Happy Life" sold by the Giudice LLCs is or has been available for purchase and has been purchased in this judicial district via the internet.

<u>**COUNT I**</u>
**Federal Trademark Infringement**

32.     The aforementioned actions of defendants constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(a).

33.     Mishler's federal registration on the Principal Register for the mark HAPPY WIFE, HAPPY LIFE is conclusive evidence of Mishler's exclusive right to use the Mark, pursuant to the Lanham Act, 15 U.S.C. § 1115.  The registrations are incontestable, which

5

provides conclusive evidence of their validity, Mishler's ownership of the Mark, and his exclusive right to use the Mark in commerce in connection with the goods and services specified in the certificate of registration under 15 U.S.C. § 1115(b).

34.     The defendants had constructive notice of Mishler's ownership of the Mark based on his federal trademark registration under 15 U.S.C. § 1072.

35.     The defendants had actual notice of Mishler's use of the trademark HAPPY WIFE, HAPPY LIFE through the extensive marketing and sales of Mishler's goods and services.

36.     The defendants' wrongful use and misappropriation of the Mark is likely to cause confusion as to sponsorship or authorization by Mishler, or alternatively, destroy the signaling capacity of the Mark.

37.     Defendant NBC has knowingly misrepresented the ownership of the trademark HAPPY WIFE, HAPPY LIFE to the detriment of Mishler's trademark rights and to the confusion of consumers.

38.     As a direct and proximate cause of the defendants' actions, Mishler has suffered and will continue to suffer great damage to his business, goodwill, reputation, profits, and the strength of his trademark.

39.     The foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

40.     The injury to Mishler is and continues to be ongoing and irreparable.

41.     Mishler lacks an adequate remedy at law.

42.     Mishler is entitled to a permanent injunction against the defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT II
### Federal Unfair Competition; False Designation of Origin;
### Passing Off and False Advertising

43.　　Mishler realleges the foregoing paragraphs as though fully set forth herein.

44.　　It is important in the field of comedy to develop original material.  Comedians who are seen as copying or "stealing" another comic's work are subject to ridicule and scorn in the industry.

45.　　The mark HAPPY WIFE, HAPPY LIFE has, through the efforts of Mishler, become distinctive and is associated exclusively with Mishler's comedy and the goods sold by him.

46.　　Through the defendants' wrongful use of HAPPY WIFE, HAPPY LIFE on directly competitive goods and services, consumers are deceptively led to believe that the defendants' goods originate with, are sponsored by, or are approved by Mishler in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.　　Consumers may, alternatively, believe that defendants originated the mark HAPPY WIFE, HAPPY LIFE, and Mishler is, in fact, copying defendants.  Such a belief would harm Mishler's standing in the industry and among consumers.

48.　　Defendant NBC has knowingly misrepresented the ownership of the trademark HAPPY WIFE, HAPPY LIFE to the detriment of Mishler's trademark rights and to the confusion of consumers.

49.　　Alternatively, defendants' use of the Mark will cause consumers to believe the Mark is generic, thus destroying the goodwill Mishler has built with the Mark.

50.　　The injury to Mishler is and continues to be ongoing and irreparable.

51.　　Mishler lacks an adequate remedy at law.

52.     Mishler is entitled to a permanent injunction against the defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## COUNT III
### Dilution of famous mark

53.     Mishler realleges the foregoing paragraphs as though fully set forth herein.

54.     The Mark is famous within the meaning of 15 U.S.C. § 1125(c).

55.     Mishler has no control over the quality of the defendants' goods and services. As a result of such use by defendants, the distinctive qualities of the Mark are being and will continue to be diluted or, in the alternative, are likely to be diluted by the defendants' actions.

56.     The defendants' wrongful conduct is likely to cause and has caused tarnishment of the Mark. The defendants' goods and services are in conflict with the image Mishler associates with his comedy and his products. Specifically, "The Real Housewives of New Jersey" depicts a lifestyle and behavior which are considered crude, offensive, and unsavory to a segment of the public, particularly those who seek out Christian and/or family-friendly entertainment, key consumers of Mishler's goods and services.

57.     Further, the defendants' conduct is likely to cause and has caused "blurring" by impairing the distinctiveness of the famous Mark. The Mark, once associated only with Mishler, may become associated with defendants and defendants' goods and services.

58.     Defendant NBC has knowingly misrepresented the ownership of the trademark HAPPY WIFE, HAPPY LIFE to the detriment of Mishler's trademark rights and to the confusion of consumers.

59.     The injury to Mishler is and continues to be ongoing and irreparable.

60.     Mishler lacks an adequate remedy at law.

8

61.     Mishler is entitled to a permanent injunction against the defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

<u>**Count IV**</u>
**Violation of the Tennessee Consumer Protection Act**

62.     Mishler realleges the foregoing paragraphs as though fully set forth herein.

63.     The foregoing actions of the defendants have violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104, *et seq.*

64.     The defendants have represented they are the lawful owners of the Mark, when they are not.

65.     The defendants have sold goods bearing the Mark without authorization from Mishler.

66.     The defendants' actions have been a willful and knowing violation of Mishler's rights.

67.     The injury to Mishler is and continues to be ongoing and irreparable.

68.     Mishler lacks an adequate remedy at law.

69.     Mishler is entitled to a permanent injunction against the defendants, as well as all other remedies available under the Tennessee Consumer Protection Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**TRIAL BY JURY**

70.     Mishler hereby requests trial by jury on all issues wherein trial by jury is permissible.

## PRAYER FOR RELIEF

WHEREFORE, Mishler prays for judgment against the defendants as follows:

(1)  that the defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the defendants who receive actual notice of the Court's order by personal service or otherwise, be permanently enjoined from:

    (a)  using the Mark or any variation of the Mark in connection with the sales of any goods or the promotion, marketing, advertising, or public relations of the "Real Housewives of New Jersey" or Teresa Giudice;

    (b)  diluting, blurring, passing off, or falsely designating the origin of the Mark and from injuring Mishler's goodwill and reputation;

    (c)  doing any other act or thing likely to induce the belief that the defendants' businesses, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Mishler;

    (d)  using the Mark for goods or services, or on the Internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of the defendants with Mishler.

(2)  that defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Mishler within 30 days after entry of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which the defendants have complied with the permanent injunction;

(3)     that Mishler recover his actual damages sustained as a result of the defendants' wrongful actions;

(4)     that Mishler recover the defendants' profits made as a result of the defendants' wrongful actions;

(5)     that Mishler recover three times the defendants' profits made as a result of the defendants' wrongful actions or three times Mishler's damages, whichever is greater;

(6)     that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that the defendants be deemed liable for and ordered to reimburse Mishler his reasonable attorneys' fees;

(7)     that Mishler be awarded exemplary damages for the defendants' willful and intentional acts;

(8)     that Mishler recover his costs of the court; and

(9)     that Mishler be awarded all relief to which he is justly entitled.


**JEFFREY MISHLER**


DATED:  March 24, 2011                    By:     /s/ Richard S. Busch_____
                                                  Richard S. Busch (TN BPR #14594)
                                                  KING & BALLOW
                                                  315 Union Street, Suite 1100
                                                  Nashville, Tennessee 37201
                                                  615/259-3456 (tel)
                                                  615/248-2860 (fax)
                                                  rbusch@kingballow.com
                                                  Attorneys for plaintiff